UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In the Matter of the Tax Indebtedness of  )   Case no. 1:07-mc-113
DOUGLAS J. and MARIANNE CUNNINGHAM  )
_____)   Honorable Janet T. Neff

**MEMORANDUM OPINION**

   This is a proceeding brought by the United States pursuant to 26 U.S.C. § 6334(e) for permission to levy upon the principal residence of taxpayers Douglas and Marianne Cunningham in satisfaction of unpaid federal income taxes, penalties and interest.  On October 30, 2007, United States District Judge Janet T. Neff issued an order to show cause directing the Cunninghams (hereinafter "respondents") to file a written objection to the petition.  On November 30, 2007, respondents filed a two-sentence objection to the petition, stating only that they "believe" that the IRS "may not have complied with the applicable procedures" and that they wish to review the matter with an attorney.  Four months have now elapsed since the filing of the objection.  Respondents have not filed any further objection with the court, nor has an attorney entered an appearance on their behalf.

   By order of reference entered February 20, 2008, Judge Neff referred the matter to me for further proceedings.  Shortly thereafter I issued a notice of hearing to allow respondents, who are proceeding *pro se*, a final chance to raise any objection that they might have to the issuance of a levy upon their residence.  I conducted a hearing on the petition on March 20, 2008.  Counsel for the United States appeared at the hearing, but respondents did not.

**Legal Standards**

The Internal Revenue Code generally exempts from levy a taxpayer's principal residence. 26 U.S.C. § 6334(a)(13)(B). The statute goes on to provide that "a principal residence shall not be exempt from levy if a judge or magistrate [judge] of a district court of the United States approves (in writing) the levy of such residence." 26 U.S.C. § 6334(e)(1)(A). Treasury Regulations issued under this statute impose upon petitioner the burden of showing that (1) the underlying tax liability has not been satisfied, (2) the requirements of any applicable law and administrative procedure relevant to the levy have been met, and (3) no reasonable alternative exists for collection of a taxpayer's debt. 26 C.F.R. § 301.6334-1(d)(1). In the absence of a timely objection raising a genuine issue of material fact on one or more of these questions, the unrebutted petition is generally sufficient to justify entry of an order approving the levy. *Id.* at § 301.6334-1(d)(2).

**Findings of Fact**

The objection filed by respondents did not raise a genuine issue of material fact as to any of the three relevant questions, and respondents failed to appear at the hearing designed to give them a further opportunity to do so. The allegations of the petition therefore are unrebutted. On the basis of the unrebutted petition, the court makes the following findings of fact.

1. On March 2, 1998, a delegate of the Secretary of the Treasury made assessments against Douglas J. and Marianne Cunningham for unpaid federal income taxes, penalties, and interest for the taxable years 1994 and 1995 in the amounts of $125,502.56 and $120,423,04, respectively.

2. On June 1, 2001, a delegate of the Secretary of Treasury made assessments against Douglas J. and Marianne Cunningham for unpaid federal income taxes, penalties, and interest for the taxable years 1998 and 1999 in the amounts of $23,141.34 and $17,921.93, respectively.

3. The IRS properly gave notice of the assessments and made demands for payment to respondents. Despite these demands, as of March 19, 2008, respondents owed $230,583.80 on this tax indebtedness, plus interest from that date.

4. The property upon which petitioner seeks permission to effectuate a levy is located at 759 West 26th Street, Holland, Michigan, and is the principal residence of Douglas J. and Marianne Cunningham, respondents. This real property is subject to levy in satisfaction of respondents' tax liability.

5. The Internal Revenue Service has followed all requirements of applicable law and administrative procedure relevant to a levy on the foregoing property.

6. No reasonable alternative exists to satisfy the aforesaid unpaid tax liabilities, except a levy upon respondents' principal residence.

## **Conclusion**

In summary, petitioner has demonstrated its entitlement to an order approving levy upon respondents' principal residence, and respondents have not raised any legal or equitable defense to the petition. An order approving levy will therefore be issued.


Dated:  March 20, 2008                 /s/  Joseph G. Scoville
                                       United States Magistrate Judge